RHODA McDANIEL v. CHARLES WATKINS

*Practice -- Vacation of Judgment.*

Where judgment was rendere l against the de'endant in a Justice's
    Court from which he ;appealed to the Superior Court, where judgment
    was again rendered against him, he making no defence to the action, and
    more than one year after the docketing of the judgment, the Judge of the
    Superior Court set t'ie same aside and ordered the case to be re-opened
    on the ground that defendant had had no notice of the judgment; *Held*,
    to be error.

(*Hudgins* v. *White*, 65 N. C. 393, cited and approver'.)

MOTION to set aside a Judgment, heard on the 26th of
September, 1876, at Chambers in Asheville, before *Henry, J*

The plaintiff recovered judgment against the defendant
and others in a Justice's Court on the 11th of July, 1874, for

$137.60, and on the 22nd of said month the defendant gave written notice of appeal. The case was docketed in the Superior Court of Buncombe and was continued from term to term until Spring Term, 1875, when judgment was rendered against defendant, he making no defence. "

The defendant had no notice of the existence of said judgment except such as appeared upon the records of the Court.

This motion was made by defendant more than a year after the rendition and docketing of said judgment.

His Honor allowed the motion and ordered the case to be re-opened and set for trial at the next term of the Court. From which ruling the plaintiff appealed.

*Mr. J. H. Merrimon*, for plaintiff.
No counsel for defendant.

Pearson, C. J. This Court will not overrule the order of a Judge of the Superior Court, setting aside a judgment under C. C. P. § 133, except for error of law apparent from the proceeding. *Hudgins* v. *White*, 65 N. C. 393.

We think His Honor erred in respect to "what amounts to notice of a judgment," which is a matter of law. Suppose judgment by default be taken at the appearance term, in an action commenced in the Superior Court, the defendant has notice of this judgment at the term to which the summons is returnable and cannot be heard to say, when he asks for relief under section 133, that he did not have notice of the judgment. Of course he had notice; for the summons in so many words tells him to take notice that a judgment will be entered unless he answers, &c. He is not at liberty to treat the summons with perfect indifference, make no inquiry whatever as to whether a judgment had been entered, and two years thereafter to say he had no notice that the judgment was entered. Our case is still stronger; judgment was entered before a Justice of the Peace against

ALLEN v. McMINN.

defendant and two others for a debt due by promissory note. This defendant, Watkins, one of the defendants, within the fifteen days allowed by law in case of judgment by default, gives a written notice of his appeal. Here the matter ends so far as he takes any action; he does not prosecute his appeal by paying the Justice the fee for making return, nor does he look after the case any further, but folds his arms and leaves the plaintiff to pay the fees of the Justice, and have the appeal docketed and take her judgment, a practice of familiar use in this Court, when an appellant does not follow up his appeal. Three years after the Justice had entered judgment from which the defendant gave written notice of appeal, and two years after the judgment was entered in the Superior Court, the defendant says he had no notice of judgment. What further notice was called for? He knew that the Justice had given judgment against him, and he knew that as a matter of course that unless he prosecuted his appeal, judgment would be entered against him in the Superior Court.

After more than three executions had been issued from term to term, he applies to the Judge to set aside the judgment, on the ground that he "did not consent to the judgment or have any knowledge thereof until just before the last term." In other words, that he was fool enough to think that after the judgment by the Justice, and the appeal, the proceeding stopped and he need make no further inquiry about it. "Leges vigilantibus non dormientibus factæ sunt."

This defendant slept too long upon his rights.

Error.

PER CURIAM. Judgment reversed.