In 1876 the plaintiff brought an action against the defendant before a justice of the peace. The summons was returned "executed," and judgment rendered in favor of plaintiff. No execution was issued upon the judgment. The defendant failed to appeal for a considerable time after the ten days which elapsed after the rendition of judgment. The defendant did not appear at the trial, and had no notice of the judgment, except in so far as the service of the summons may be treated as notice. The defendant craved an appeal within fifteen days after receiving notice, and in less than ten days thereafter gave the proper notice of appeal and an undertaking. The motion of the plaintiff to dismiss the appeal was allowed by his Honor, and the defendant appealed.
The word "or" in chapter 63, section 54, of Bat. Rev., evidently should be read "and." It is probably a mere misprint. If a defendant be personally served with a justice's warrant, he has notice of the action, and is bound to take notice of the judgment if one be taken against him. McDaniel v.Watkins, 76 N.C. 399, is therefore in point.
PER CURIAM. Affirmed.
Cited: University v. Lassiter, 83 N.C. 41; Spaugh v. Boner, 85 N.C. 209;Guano Co. v. Bridgers, 93 N.C. 441; Hemphill v. Moore, 104 N.C. 380;S. v. Johnson, 109 N.C. 853; Ferrell v. Hales, 119 N.C. 213; Stithv. Jones, ib., 430; Bullard v. Edwards, 140 N.C. 648; Barger v. Alley,167 N.C. 364; Tedder v. Deaton, 167 N.C. 480. *Page 42 
(37)