F. D. KOONCE v. J. J. PELLETIER and others.

*Recordari—Appeal from Justice's Court.*

1. On petition for writ of *recordari* it appeared that the petitioner was one of the defendants against whom judgment was recovered in a justice's court, and lived in a county other than that of the justice forty miles from the place of trial; that he was making preparations to attend the trial but failed to do so and lost his appeal by reason of sickness and his consequent inability to procure the services of an agent to represent him; *Held*, a proper case for the aid of remedial process and error in the judge to refuse the writ, though there be no evidence of efforts made to get an agent.

2. Under the circumstances of this case a delay of three months in ap-

plying for the writ will not deprive the petitioner of its benefit, as no damage thereby accrues to plaintiff; nor will the denial of the first application furnish ground for a refusal of the writ upon an amended affidavit containing an additional and material fact.

(*Baker* v. *Halstead*, Busb. 41 ; *Elliott* v. *Jordan, Id.*, 298 ; *Jones* v. *Thorne*, 80 N. C., 72 ; *Bond* v. *McNider*, 3 Ired., 440, cited, distinguished and approved.)

PETITION for *Recordari* heard at Chambers in ONSLOW county, on the 30th of April, 1879, before *Seymour, J.*

Defendant appealed from the ruling below.

*Messrs. Green & Stevenson,* for plaintiff.
*Messrs. H. R. Bryan* and *A. G. Hubbard,* for defendant.

SMITH, C. J. The defendant with other persons was cited by a summons issued by a justice of the peace in Onslow county to the county of Carteret, where the defendant resided, to appear before him and answer the plaintiff's complaint for money due on a note under seal. The summons was served on December 7th, 1878, and was made returnable on the 17th day of the month, and endorsed thereon by direction of the defendant were the words : " J. J. Pelletier pleads bankrupt relief." The defendant not appearing at the trial, the cause was continued as to him until December 31st, and judgment rendered against the others. The defendant also failed to appear at the postponed day of trial, and the allegation of the discharge in bankruptcy being denied, judgment was then entered against him for the amount due on the note.

On March 28th, 1879, the defendant applied to the judge of the district for a writ of *recordari* by a petition in which he sets out his discharge in bankruptcy as a defence to the action and accounts for his absence at the trial by illness which continued beyond the time allowed for an appeal, in consequence of which " it was impossible for him to attend

the trial and take the appeal." The answer controverts the allegations, denies the discharge and asserts on information and belief that the defendant was not prevented by sickness from attending to the matter from the day first appointed for the hearing until that to which it was postponed and the ten days following allowed for the appeal.

Upon the hearing of the application before the judge, at chambers, on April 30th, and after argument of counsel, the petition was dismissed, the relief sought under it denied, and as the case shows while the record does not, an appeal was taken but not prosecuted by the defendant.

On the 6th day of May a second similar petition was presented by the defendant, intended perhaps to be an amendment and substitute for the former, in which, reiterating its averments, he adds and explains that his residence is forty miles from the place of trial; that he was making preparations to attend it, and that he was taken and continued to be very ill until the time for taking the appeal had passed; that it was impossible for him to be present in person, nor could he procure any person to go and present his defence; that the weather was very bad, and that his son, the only male member of his family of any size, was required to attend to the defendant and supply the necessary fire wood. The answer also controverts these allegations, as before, on information and belief, and especially the defendant's inability to attend to his case.

It does not appear that any further evidence was offered. His Honor refused to grant the writ, declaring " that the neglect of the said defendant, either to appear at the magistrate's trial or appeal was not excusable under the circumstances set forth in his affidavit, and for want of the evidence thereof, that he made no attempt to employ any one in his place."

It will be noticed that in denying the application, His Honor assumes the facts to be as set forth in petitioner's

affidavit, and in the absence of proof of efforts made to pro-
cure an agent to attend and represent the petitioner at the
trial of the warrant, he is charged with negligence that bars
all claim to relief. Resting upon the statements contained
in the affidavit, substantially the decision is that a disabling
sickness extending over so large a space with an averment
of inability to obtain the services of an agent to act in his
place, was of no avail without a further showing that efforts,
though unsuccessful, were in fact made to procure the ser-
vices of an agent.

We can scarcely conceive a case more strongly calling for
the aid of remedial process than that presented in the peti-
tion, taking all its statements to be true. The defendant
intends and is making preparations to leave for the ap-
pointed place of trial, when he is stricken down with dis-
ease. His son, the only male person of the plantation com-
petent to the transaction of business, is detained at home by
duties that will not admit of absence, and no one else can
he find to employ and send in his place. Averring, as he
could only do from personal knowledge or reliable informa-
tion, that attempts in this direction would be fruitless and
unavailing, for failing to show that they were made he is
declared to be without excuse and without claim to relief.
We do not concur in this ruling of the court.

The delay in making the application is urged as a suffi-
cient reason for refusing it. It is true one asking the assist-
ance of the court should apply in a reasonable time. But
it does not appear when the defendant first knew of the
rendition of the judgment against him. And he may have
supposed that the plaintiff, on his defence being suggested,
would discontinue the action against him and proceed
against the others. Nor does it appear that any damage
accrues to the plaintiff from the delay.

The cases relied on for the plaintiff (*Baker* v. *Halstead*
Busb., 41, and *Elliott* v. *Jordan, Id.,* 298,) are not in conflict

with the views-expressed. The first was a case of faithless-ness in an agent relied on to look after and protect the ap-plicant's interests. In the other no agent was employed and no excuse for the omission, or if the acting officer to be deemed such agent, his neglect was imputed to the peti-tioner as his own. In our case there was no agent and none could, be procured, while the defendant from sudden sick-ness is disabled from being present in person.

It is also contended that the first application being de-nied, the matter is *res adjudicata,* and is not now open to in-quiry and action. If it appeared that the evidence now produced is essentially that exhibited on the former hear-ing or was cumulative merely, and the decision then made was upon the merits, we should be constrained to sustain the objection. *Jones* v. *Thorne,* 80 N. C. 72. But a material fact not found in the first is stated in the present amended affidavit, to wit, that no agent could be procured to go and protect the petitioner's interests at the trial, and the absence of an averment showing what efforts were made for that purpose is the ground upon which the relief is now refused. The first petition may then have been dismissed for want of an explanation, declared insufficient in the last, and leading to the same result.

The dismissal on account of its vague and unsatisfactory statements and not upon an examination into its merits is rather in the nature and of the effect of a nonsuit, as was held in *Bond* v. *McNider,* 3 Ired., 440, and is not a bar to a subsequent application. So the judge below seems to have considered since not adverting to this objection *in limine* he proceeded to pass upon the merits of the case as presented.

We therefore hold the ruling erroneous, and this will be certified for further proceedings in accordance with this opinion, and it is so ordered.

Error.                                          Reversed.