WILLIAM GAMBILL v. JAMES GAMBILL.

*Justices of the Peace, practice in courts of—Appeal.*

A new trial cannot be allowed in a justice's court, but the party dissatisfied
with the judgment has his remedy only by appeal. THE CODE, §865. But
where the judgment is rendered in the absence of either party and such
absence is occasioned by sickness or excusable neglect (§845), relief may be
had by filing an affidavit before the justice, setting forth the grounds there-
for, within ten days after judgment.

(*Froneburger* v. *Lee*, 66 N. C., 333, cited and approved).

APPEAL from a justice's judgment, tried at Spring Term,
1883, of ASHE Superior Court, before *Gilmer, J.*

The plaintiff complained that he was the owner of certain jus-
tice's judgments against one John McMillan, and that he had
caused executions to be issued thereon, which he had placed in the
hands of an officer for collection; and on the 16th day of March,
1876, while his executions were in the hands of the officer,
McMillan sold a tract of land to the defendant James Gambill;
and, as a part of the purchase money, defendant promised and
agreed that if plaintiff would have satisfaction entered on his
judgment against McMillan, and take defendant for the debts,
that he would pay plaintiff the said debts and costs, amounting
to the sum of $65.54, by the first of September, 1876. That
plaintiff agreed thereto, and caused satisfaction to be entered on

his judgment against McMillan, and waited till the day of payment, and the defendant refused to pay said debts as he had promised, and still refuses so to do.

The defendant, in answer to the complaint, denied that he ever promised to pay the plaintiff the debt as alleged, and if he did make such a promise, it was an agreement concerning land, or a promise to answer for the debt, default or miscarriage of another, and in either view was void under the statute of frauds; and for a further defence, he stated that before the rendition of the judgment appealed from, a judgment had been rendered before a justice of the peace in the same county in favor of the defendant in an action between the same parties and for the same cause of action, and that the said judgment is still in force and unreversed.

The following issues were submitted to the jury:

1. Did the defendant agree with the plaintiff that if he, plaintiff, would cause satisfaction to be entered of his judgment on the execution against McMillan, he, the defendant, would pay him the sum of $65.54, as alleged in the complaint? Answer, Yes.

2. Did plaintiff cause satisfaction to be entered? Answer, Yes.

3. If such promise was made, was there any writing of the same, signed by the defendant or his agent? Answer, No.

4. Has judgment been heretofore rendered in favor of the defendant in an action brought upon said promise by plaintiff, as alleged in the second allegation of the answer? Answer by the judge, No.

On the trial the plaintiff offered in evidence two judgments for the sum of $65.54, and then testified in his own behalf that defendant came to his house on a certain day, and, after saying he had bought said McMillan's land, promised to pay off the two judgments against McMillan, and this was understood to be a part of the purchase money for the land; that the constable who had the executions in his hands, understanding the agreement between him and the defendant, entered satisfaction upon

the executions, and that he thereupon released McMillan, who was principal, from the judgment, and looked to the defendant for his money, according to his promise.

The defendant introduced himself and testified that his promise to pay the debt due from McMillan was conditional, if he got a good title to the land he had purchased; that he had never got a title and could not get one, the land having been sold under executions issued upon judgments for several hundred dollars, docketed prior to his purchase. And under his plea of former judgment, the defendant introduced a justice's judgment, rendered on the 17th day of February, 1877, in favor of defendant, against the plaintiff; also a justice's judgment, in the same case, rendered on the 7th day of April, 1877, founded upon an affidavit of plaintiff asking for a rehearing of the first judgment.

It was in evidence that upon both the trials before the justices, both parties were present, and the facts and matters now in dispute were investigated by the justices, and the testimony of witnesses given by each party at both trials. And the third issue was agreed by the parties to be found in the negative, and the fourth issue by the court.

The first and second issues alone were submitted to the jury, who found in favor of the plaintiff, and the fourth issue was found by the court also in plaintiff's favor.

Upon these findings, the court gave judgment for the plaintiff, from which the defendant appealed.

*Messrs. J. W. Todd* and *R. Z. Linney,* for plaintiff.
*Messrs. Q. F. Neal* and *D. G. Fowle,* for defendant.

ASHE, J.   It is needless to inquire whether the promise made by the defendant to the plaintiff to pay him the McMillan debt was void under the statute of frauds, for that promise having been the subject of the action upon which the judgment before the justice, dated February 17th, 1877, in favor of the defendant, was founded, it was merged in that judgment, and no longer subsists, unless that judgment has been reversed.

GAMBILL *v.* GAMBILL.

The plaintiff insists that this action now under consideration is brought to rehear that judgment, and if in the opinion of this court it ought to be reheard, then the question whether the promise was void under the statute of frauds will be material. But our opinion is, that the ruling of His Honor upon the fourth issue was erroneous.

The "case" shows that both parties were present upon the trial before the justice when the judgment of the 17th of February, 1877, was rendered, and no appeal was taken. The judgment, then, was final, and the justice had no right or power to order a rehearing or grant a new trial.

THE CODE, §865, declares that, "a new trial is not allowed in a justice's court in any case whatever; but either party dissatisfied with the judgment in such court, may appeal therefrom to the superior court, as hereinafter prescribed."

But THE CODE also provides that, "when a judgment has been rendered by a justice, in the *absence* of either party, and when such *absence* was caused by the sickness, excusable mistake or neglect of the party, such absent party, his agent or attorney, may, within ten days after the date of such judgment, apply for relief to the justice who awarded the same, by affidavit, setting forth the facts, which affidavit must be filed by the justice." This section has received a construction by this court in the case of *Froneburger* v. *Lee*, 66 N. C., 333, where it was held that, "when both parties to an action are present at a trial in a justice's court, and the cause is heard, and judgment rendered, a new trial cannot be allowed. The party dissatisfied with the judgment can have a remedy only by appeal to the superior court." THE CODE, §845, C. C. P., §508.

In this case, both parties were present at the trial before the justice, the cause was heard and judgment rendered, and no appeal taken; the judgment was therefore final and conclusive. This action, therefore, which was brought to rehear that case, cannot be maintained, and judgment must be rendered here that the defendant go without day, and that the plaintiff pay the costs.

Error.                                                    Reversed.