## NAVASSA GUANO COMPANY v. JOHN BRIDGERS.

*Justice of the Peace—Power to set aside judgments.*

1. Justices of the peace have power to rehear cases decided by them, when mistake, surprise or excusable negligence is shown, and the application is made in ten days after the date of the judgment. After the lapse of that time, they cannot rehear their judgments for such cause.

2. A new trial cannot be allowed in a justice's court.

3. Where a defendant relied on the assurance of a justice of the peace, that his cause would not be tried, after which the justice rendered a judgment against him in his absence; *Held,* the remedy is by an appeal or a *recordari* as a substitute therefor, and not by a motion to set aside the judgment.

(*Froneberger* v. *Lee*, 66 N. C , 333; *McDowell* v. *Watkins*, 76 N. C., 399; *Sparrow* v. *Davidson College*, 77 N. C., 35; *Caldwell* v. *Bently*, 69 N. C., 365; *Marsh* v. *Cohen*, 68 N. C., 283; *Koonce* v. *Pelletier*, 82 N. C., 236, cited and approved).

MOTION to set aside a judgment, heard on appeal from a justice of the peace, by *MacRae, Judge,* at January Term, 1885, of ROBESON Superior Court.

On the 19th day of October, 1876, the plaintiff brought its action before a justice of the peace, in the county of Robeson, against the defendant, to recover the sum of $50 due by note. The summons was made returnable on the 26th day of the same month. On that day the case was continued on the application of the defendant, until the first day of November next thereafter, and on the latter day, the defendant failing to appear, the justice of the peace gave judgment in favor of the plaintiff for the sum of $43.50, with interest on $38.47 from that date until paid, and for $1.30 costs. The justice of the peace who gave the judgment died before the motion to set it aside, presently to be mentioned, was made. On the 30th day of November, 1882, the defendant moved before the justice of the peace, who was the successor in office of him who gave the judgment, to set the same aside for "errors of law" apparent. Upon hearing the evidence produced in support of the motion, it was denied, and the justice of the peace gave judgment against the defendant for

costs, whereupon, the latter appealed to the Superior Court of the county named. In the Superior Court, the Judge, by consent of the parties given in writing, heard the motion *de novo*, and upon consideration of the evidence produced before him, reversed the judgment of the justice of the peace denying the motion, and made an order setting the judgment aside, whereupon the plaintiff excepted and appealed to this Court. In his affidavit filed in support of the motion, the defendant states, that he produced before the justice of the peace on the day the judgment was given against him, a letter from an agent of the plaintiff with whom he had made a contract in reference to the note sued upon, at the time it was given; that the justice of the peace said to him, on reading the letter, "that settled it—that there would be no trial and he (defendant) might go home as he would never hear of it again;" that defendant went home after what had been said, believing the action was stopped; that afterwards the justice of the peace told him "the action on said note had been fixed all right, and he would never be troubled about it again;" that the judgment remained on the docket of the justice of the peace, until it was docketed in the Superior Court, about five years after it was given, and he knew nothing of it, until about ten days before the motion to set it aside was made. The justice of the peace who gave the judgment and the alleged agent of the plaintiff, had died before the motion was made.

The plaintiff appealed.

*Mr. Frank McNeill*, for the plaintiff.
*Mr. T. A. McNeill*, for the defendant.

MERRIMON, J. (after stating the facts). We are of opinion that the order of the Superior Court was erroneous. The defendant was duly served with a summons in the action before the justice of the peace. The latter had jurisdiction of the defendant and the subject matter of the action, and therefore had power to grant the judgment. If the judgment was rendered in the

absence of the defendant, and such absence was caused by sickness, excusable mistake or neglect of the party—in such case, upon proper application *within ten days* next after the date of the judgment, the justice of the peace might have re-heard the case as allowed by The Code, §845; but after the lapse of that time, he had no authority to re-hear it, or set the judgment aside for such cause.   A new trial cannot be allowed in a Justice's Court; in case of dissatisfaction with his judgment, the party dissatisfied may appeal to the Superior Court where there will be a new trial of the whole matter in controversy.   The Code, §§865, 880; *Froneberger* v. *Lee*, 66 N. C., 333.   It seems to have been the purpose of the Legislature to limit the control of justices of the peace over their own judgments within a brief period of time.

The defendant insists, however, that he was deceived and misled by the justice of the peace, who informed him, in substance, shortly before giving the judgment, that he would not do so, and, that acting upon such assurance, he was not present at the time and place fixed for the trial, and when the judgment was given; that he did not hear of the judgment for several years after it was given, and therefore he could not apply within the time prescribed for a re-hearing, nor could he appeal.   But it was his folly or misfortune to act upon the assurance; he was a party defendant to, and had the notice of the action; it was his duty, as well as his right, to see what judgment was rendered by the justice of the peace.   If he had been diligent and watchful of his rights as a litigant, he might have made a successful defence, or failing in this, he might have appealed to the Superior Court. *McDowell* v. *Watkins*, 76 N. C., 399; *Sparrow* v. *Davidson College*, 77 N. C., 35.

If the defendant was misled and surprised as he alleges, and there was excusable neglect, as it seems there was, he could not have redress by a motion to set the judgment aside.   To set it aside would imply necessarily the granting of a new trial, and as we have seen, a justice of the peace cannot grant a new trial.

The defendant was not without remedy.   If the judgment was fraudulent, then his remedy was by a proper action to have

it declared void. If there was excusable neglect, and he had diligently pursued his remedy, he might have had relief by means of the writ of *recordari* as a substitute for an appeal. We do not, however, mean to suggest that he may yet have such relief. As to that, we are not at liberty to express an opinion. No question in that respect is before us. *Caldwell* v. *Beatty*, 69 N. C., 365; *Marsh* v. *Cohen*, 68 N. C., 283; *Koonce* v. *Pelletier*, 82 N. C., 236; Clark's Code, 329.

There is error. The order of the Superior Court, reversing the order of the justice of the peace denying the motion, and setting the judgment aside, must be reversed.

Error. Reversed.