S. A. SALMON to use of J. T. ROGERS v. D. H. McLEAN.

*Justice's Judgment—Rehearing—Statute of Limitations.*

1. While a new trial cannot be granted by a Justice of the Peace, a rehearing may be allowed in certain cases mentioned in Sec. 845 of *The Code.*

2. Where a judgment was rendered by a Justice of the Peace and upon a rehearing granted by him a similar judgment was rendered, the Statute of Limitations began to run from the date of the latter, the first judgment having been vacated.

This was an appeal from a Justice's judgment, tried before *Bynum, J.,* and a jury, at the November Term, 1894, of the Superior Court of HARNETT County.

Long, a witness for the plaintiff, testified that he was a Justice of the Peace during the year 1887.    That on the 12th day of April, 1887, he rendered a judgment in favor of S. A. Salmon against defendant D. H. McLean, on a note for the sum of $171.67; that he had a rehearing of the case on May 2, 1887, and again gave the same judgment.

Upon his cross-examination witness testified that he did not remember whether the application for the rehearing was made by the defendant within ten days after April 12 or not.    Rehearing was on May 2, and the judgment rendered that day.

S. A. Salmon testified that he transferred the judgment to plaintiff J. T. Rogers and that he was the owner of it.

Plaintiff then introduced the docket of Long, the Justice of the Peace, which showed the judgment rendered against D. H. McLean in favor of S. A. Salmon on 12th April, 1887, with a rehearing granted May 2, 1887, and a judgment for same amount on May 2, 1887; that the judgment was on a bond for money, and it also showed a transfer of the judgment to J. T. Rogers.

116—14

The defendant introduced the summons in the case, which was dated on April 30, 1894.

1. Plaintiff insisted that the date of the judgment was May 2, and that he was not bound by the statute of limitations.

2. That if the judgment of April 12 was the judgment there was a suspension of the judgment by the order to rehear, and that that time should not be counted against him, and that that would not make the seven years.

The Court instructed the jury that a Justice's judgment, was barred by a lapse of seven years, and that the true date of the judgment was April 12, 1887; that the statute of limitations began to run then, and that if they found more than seven years had elapsed from that time until this suit was begun, which was April 30, 1894, they should answer the issue as to the bar of the statute, "Yes", otherwise "No".

There was a verdict for the defendant, and from the judgment thereon plaintiff appealed.

*Mr. L. B. Chapin*, for plaintiff (appellant).
*Messrs. T. M. Argo* and *F. P. Jones*, for defendant.

CLARK, J.:   A new trial can not be granted by a justice of the peace (*The Code*, 865), but in the cases mentioned in *The Code*, 845, a rehearing may be allowed. *Froneberger* v. *Lee*, 66 N. C., 333; *Gambill* v. *Gambill*, 89 N. C., 201; *Guano Company* v. *Bridgers*, 93 N. C., 439. Though the judgment was first rendered 12 April, 1887, a rehearing was granted and the new judgment was rendered 2 May, 1887. The statute ran from the 2 May because the first judgment was vacated by the rehearing. This action was begun April 30, 1894, which was within the seven years limited by statute. *Code*, Sec. 153 (1). The defendant has

no ground to complain, for the rehearing was granted on his motion. In instructing the jury that the judgment was barred, there was error.

Error.