BULLARD v. EDWARDS.

(Filed March 27, 1906).

*Justice of the Peace—Rehearing—Continuance—Due Diligence—Judgments.*

1. Where a judgment has been rendered by a justice of the peace in the absence of either party, in order to give the justice jurisdiction under Revisal, section 1478, to open and rehear the case, the party against whom the judgment was given must make his application by affidavit within ten days after rendition of the judgment.

2. Where a justice of the peace received an affidavit to set aside a judgment rendered against the defendant more than ten days after its rendition and thereupon made an *ex parte* order setting aside the judgment and directing a rehearing, the plaintiff, by procuring a continuance on the date set for the rehearing, did not waive any of his rights.

3. Where a cause was removed at a party's request and he made no inquiry· of the justice, to whom it was removed, as to when it would be tried, but relied upon the assurance of the officer of the court for such information, this was not due diligence.

ACTION by D. J. Bullard against Sandy Edwards, heard by *Judge Fred Moore,* at the December Term, 1905, of the Superior Court of ROBESON.

This is a summary proceeding in ejectment instituted in a justice's court. The cause came on for trial before Spurgeon Jones, J. P., on the 7th day of January, 1905, and was removed upon affidavit to Alex McMillan, J. P. Prior to the return day of the summons, the said Spurgeon Jones, J. P., issued a writ removing the defendant from possession of the premises in controversy and placing the plaintiff in possession. The writ was served on January 5, by putting out of possession defendant, Sandy Edwards, and putting into possession the plaintiff, D. J. Bullard.

BULLARD *v.* EDWARDS.

On the 7th day of January, 1905, in the absence of the defendant, Alex McMillan, J. P., tried the case and rendered judgment that the plaintiff was the owner and entitled to the immediate possession of the premises.　Within ten days thereafter, Jas. H. Johnson, Esq., attorney for the defendant Edwards, wrote a letter to the said justice of the peace, stating that the defendant was not notified that the trial would be had on the 7th day of January, and that he and the defendant would have been ready and willing to attend said trial, if they had been notified; that the officer of the court had promised to notify the defendant when the said Alex McMillan would hear the case, and had not done so.　Thereupon Alex McMillan notified J. H. Johnson, Esq., attorney for the defendant, that he would open the case for reconsideration, and to send him an affidavit setting forth the facts, in regard to the absence of the defendant and its cause.　The affidavit which contained the foregoing statement of facts, was sent to Roderick McMillan, a brother of the justice of the peace, and was received by him on the 17th day of January, and he forwarded it to Alex McMillan, who received the same on the 19th of January.　After the affidavit of J. H. Johnson, Esq., was received, the said justice had the parties and witnesses notified to appear before him on the 26th day of January, when the case would be reheard and the same proceedings had as if the case had never been acted on. There is no evidence that any summons, subpœna or other written notice was served upon the parties or the witnesses.

On the 26th day of January, the plaintiff appeared before the justice and filed an affidavit for a continuance until February 2, which was granted.　On the second day of February, both plaintiff and defendant were present, and the plaintiff filed with the court what is called a demurrer to the affidavit of J. H. Johnson, Esq.　The demurrer, omitting unimportant parts, is as follows: "1. That said affidavit was not filed within ten days from the rendering of the judgment,

said judgment having been rendered on January 7, 1905, and said affidavit was not filed until the 19th day of January, 1905, which was more than ten days thereafter. 2. That said affidavit and prayer was made to Roderick McMillan, and not to this court. 3. That it does not state facts sufficient to warrant the court in reopening the case. 4. That it was the duty of the defendant and not of the court to have notified his counsel, and it was also his duty to have been diligent and to have known where said trial was to be had." The justice overruled the plaintiff's demurrer and ordered that the possession of the property be restored to the defendant. Plaintiff appealed.

At the hearing in the Superior Court the judgment of the justice, rendered on February 2, 1905, was reversed and set aside, and the defendant taxed with the costs. He excepted and appealed.

*McIntyre & Lawrence* for the plaintiff.
*McLean, McLean & McCormick* for the defendant.

WALKER, J., after stating the case: The law requires that when a judgment has been rendered by a justice of the peace, in the absence of either party, and the absence was caused by his mistake or excusable neglect, he may, within ten days after the date of the judgment, apply for relief to the justice by affidavit setting forth the facts. If the affidavit, which must be filed with the justice, is deemed by him sufficient, he shall rehear the case and shall cause the parties to be notified of the time and place appointed for the rehearing. Code, sec. 845; Revisal, sec. 1478. It will be seen that, in order to give the justice jurisdiction to open and rehear the case, the party against whom the judgment was given must make his application by affidavit within ten days after rendition of the judgment, which was not done by the defendant in this case. The statute, as we think, can have but one meaning,

namely, that the affidavit, which is the form provided for making the application, must be filed within ten days. The case is governed in this respect by Navassa Co. v. Bridgers, 93 N. C., 439. It is there said that after the lapse of ten days the justice has no authority to rehear the case, and as a new trial cannot be had in a justice's court (Revisal, sec. 1489), a dissatisfied party should, after the time has elapsed, either appeal or apply for a recordari; if the facts entitle him to either remedy. The defendant's counsel, in his well-considered argument, insisted that the objection made by the plaintiff to the application, upon the ground that it was too late, was not taken in apt time. In the exercise of the power to set aside a judgment, under the statute, it would seem that, as it is a matter of jurisdiction, the justice should proceed strictly according to the provisions of the law (Navassa Co. v. Bridgers, supra), and this should appear affirmatively, but even if this is not so, we do not think the objection came too late. The justice, upon receiving the affidavit sent by the defendant's attorney and delivered to him by his brother, set aside the judgment and ordered the case to be reheard. It is true the plaintiff afterwards asked for a continuance to the second day of February, as his counsel could not be present before that time, but at the first opportunity, when all the parties were before the justice and before entering upon the trial of the merits, he "demurred" to the affidavit filed by the defendant for a rehearing of the case, and this in effect called in question the jurisdiction of the court to set aside the judgment and proceed further in the cause. He could not have been heard when the order was made, as it was ex parte. We would not give so strained and technical a construction to his application for a continuance, as to exclude therefrom the idea that the plaintiff intended that the whole matter, and not merely the trial upon the merits, should be continued for hearing to a more convenient time, when his counsel could be present to advise and direct him how to proceed in order to

save his rights. We hold that he could do, on the 2nd of February, precisely what he could have done on the 26th of January, and further that he did not intend to waive any of his rights, if the jurisdiction of the justice to proceed as he did can be waived.

The defendant does not appear to have been diligent in taking care of his interests. The cause was removed at his request and he made no inquiry of the justice, who then had acquired jurisdiction in the case by removal, as to when it would be tried, but relied upon the assurance of the officer for such information. The failure of the officer to keep his promise, was defendant's misfortune and not the plaintiff's fault, and he must take the consequences of his misplaced confidence, as we said in *Navassa Co. v. Bridgers,* of similar conduct on the part of the defendant in that case. The judgment was rendered on the 7th of January, the very day the case was removed, and no inquiry was made of the justice, as far as appears, for some days afterwards as to when he would try the case or as to what had been done. This was not due diligence. *McDaniel v. Watkins,* 76 N. C., 399; *Sparrow v. Davidson College,* 77 N. C., 35; *Navassa Co. v. Bridgers, supra.* The cases of *McKee v. Angel,* 90 N. C., 60, and *Whitehurst v. Transportation Co.,* 109 N. C., 344, which were cited by defendant's counsel, are not in point, as there the judgments were rendered without the service of process, and the court merely exercised its general jurisdiction to vacate them. The remedy given by section 1478 of the Revisal is a special one and must be strictly pursued. The affidavit is made the initial step in any application for a rehearing and is indispensable to enable the justice to proceed at all. He must have evidence in some form, or what is equivalent to it, upon which to act. The letter and reason of the law are alike opposed to any other construction.

No Error.