THOMAS R. ASKEW v. THOMAS J. CAPEHART and another.

*Practice—Relief against Erroneous Judgment—Notice.*

1. A party to an action seeking relief against a judgment rendered therein, must do so by motion in the original action ; he can not maintain a separate action.

2. A motion under C. C. P. § 133 to correct errors and mistakes in a judgment must be made within one year after *rendition of the judgment;* the law presumes that every party to an action takes notice of all that occurs in the progress of the action and of the judgment rendered.

(*Lord* v. *Beard, ante* 5 ; *McDaniel* v. *Watkins,* 76 N. C. 399 ; *Mabry* v. *Erwin,* 78 N. C. 46, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1878, of BERTIE Superior Court, before *Henry, J.*

This action was heard upon complaint and demurrer upon the state of facts set out in the opinion. In answer to the objection that the proceeding should be by a motion in the cause, the plaintiff avowed his willingness to have his complaint in the action considered as such motion upon such terms as the Court might impose, but His Honor sustained the demurrer and dismissed the action, and the plaintiff appealed.

*Mr. P. H. Winston,* for plaintiff.
*Messrs. Gilliam & Gatling,* for defendants.

BYNUM, J. This action must be dismissed upon two grounds :—

1. If the plaintiff is entitled to relief, it is by a motion in the cause and not by a new action. One Mitchell was the administrator on the estate of Charles Capehart, deceased, and the plaintiff was the surety on his administration bond. In 1873 the defendants, who are two of the distributees of the estate, brought an action against the administrator and his surety upon the bond for their share of the estate, and in the spring of 1874 obtained a judgment, and this original action was begun in the fall of 1875 to correct certain alleged errors and mistakes in the judgment, and for an injunction against the execution issued thereon. *Lord* v. *Beard, ante* 5, is an express authority that such an action will not be sustained.

2. By C. C. P., § 133, if we could take jurisdiction of this action, as a motion in the cause, the motion must be made "within one year after notice thereof." The motion was not made until more than a year had elapsed after the rendition of the judgment. The plaintiff, however, alleges that he did not discover the mistake until a few months before the institution of this action. But he was a party defendant to the action wherein the alleged mistake occur-

red. The law presumes that he took notice of all that oc-
curred in the progress of the action, and of the judgment
rendered. He has neither shown nor alleged any excuse in
rebuttal of this presumption. It was his duty to take notice.
This also is decided: *McDaniel* v. *Watkins,* 76 N. C., 399;
*Mabry* v. *Erwin,* 78 N. C., 46. C. C. P., § 132, has no appli-
cation to this case but applies only to amendments made
before or at the trial, and not at a time subsequent.

No error.

PER CURIAM.                              Judgment affirmed.