ISAAC H. SMITH v. A. & M. HAHN.

*Excusable Neglect—Fraud—Findings of Fact.*

1. A motion to set aside a judgment made within a year after its rendition may be allowed on the ground of excusable neglect; (C. C. P., § 133,) or, after the year has elapsed, relief may be had at a subsequent term under the equitable jurisdiction of the court, against a judgment obtained by fraud.

2. On such motion the court found "that defendant did not fail to em-

SMITH *v.* HAHN.

ploy counsel in consequence of any fraud of plaintiff;" *Held* to be defective, in that, no facts are found which do or do not as a matter of law amount to fraud.

(*Jarman* v. *Saunders*, 64 N. C., 367 ; *Powell* v. *Weith*, 66 N. C., 423; *Clegg* v. *S. S. Co.*, *Ibid.*, 391, cited and approved.)

PETITION filed by defendants on the 18th day of November, 1876, to set aside a judgment, and heard at Chambers, before *Seymour, J.*

The defendants in their motion presented in the form of a petition state that they were sued to spring term, 1876, of Craven superior court by the present plaintiff on a cause of action against which they had a good defence and that they had employed L. J. Moore, an attorney practicing in said court, to attend to their business and expected him to file their answer at the proper time; that no answer was filed at the return term, but within the time allowed for filing their answer in the case, the plaintiff proposed to defendants if they would discontinue their action against him in the county of Jones, he would discontinue his action against them in the county of Craven. And to this proposition they agreed, and relying on the promise not to prosecute the action, defendants say, that they did not file any answer until the fall term, 1876, when they filed it in the cause with the consent of L. J. Moore who had generally attended to defendants' business, but was the plaintiff's attorney in this action ; and on the call of the cause the plaintiff, through other attorneys retained by him, objected to the answer on file as not being filed in time, and the objection being sustained by the court, judgment by default was entered against them unjustly and in violation of the agreement. The defendants alleged that they had been deprived through the conduct of the plaintiff of their opportunity to make defence to the action, and they claimed in their motion before the judge below, to have said judgment by default set aside and to be allowed to plead to the merits of the action.

16

On the hearing of the motion on the affidavits and counter affidavits, His Honor found the following facts:

1. That the defendants employed no counsel in their action until the fall term, 1876.

2. That the defendants did not fail to employ counsel in consequence of any fraud practiced upon them by the plaintiff; and upon these facts His Honor denied the motion for vacation of the judgment aforesaid and for leave to answer to the merits of the original action, and the defendants appealed.

*Messrs. Battle & Mordecai,* for plaintiff.

*Messrs. Stevenson* and *Merrimon, Fuller & Ashe,* for defendants.

DILLARD, J. (After stating the case.) It was the right of the defendants to apply, and within the power of the court below, in its discretion and upon such terms as might be just at any time within a year, to set aside the judgment against them, as taken through mistake, inadvertence, surprise or excusable neglect. C. C. P., § 133. And it is settled that if the judgment were not relievable under the said section of the Code, and its enforcement became inequitable for any reason of which a court of equity would take notice, the superior court under our present system exercising the powers of a court of law and court of equity, can and will set aside a judgment by default at a subsequent term, and allow a defence to be made of which a party has been deprived by the fraud of the other party, taking care, however, to require the party so relieved to secure the other party in such sum as he may recover together with his costs. *Jarman* v. *Saunders,* 64 N. C., 367.

Now the defendants' motion being made within a year after judgment, it was competent to them to be relieved and allowed to defend the action under the section of the Code

aforesaid, or under the equitable jurisdiction of the superior court, if upon an investigation of the facts it should appear that the judgment was obtained within the provisions of C. C. P., § 133, or by the fraud of the plaintiff. As to the merits of the case we do not express any opinion, and are to be understood only as declaring the legal rights of the defendants on the basis of the truth of their allegation about which we know nothing.

On the hearing of the motion, the record sent up for our consideration shows that the judge below made but two findings, one of which was "that the defendants did not fail to employ counsel in their action in consequence of any fraud practiced on them by the plaintiff." This finding is defective, in that it does not ascertain and separately set forth the facts which, as a matter of law, amount to fraud on the part of the plaintiff, or do not; and through inadvertence on the part of His Honor, no finding is made as to the allegation that defendants filed their answer with the consent of Mr. Moore, plaintiff's attorney, and that plaintiff afterwards employed other counsel and through them had the answer on file excluded and took the judgment by default. His Honor not having found the facts we cannot declare the law nor decide for or against his conclusions of law. *Powell* v. *Weith*, 66 N. C., 423; *Clegg* v. *Soap Stone Co., Ibid.,* 391.

There is error. Let this be certified to the end that the defendants may on their motion or petition have the court to find the facts and make its judgment thereon, from which if so advised they may appeal to this court.

PER CURIAM.                                          Error.