. JAS. C. McLEAN, Adm'r, v. A. A. McLEAN, Adm'r,

*Motion to set aside judgment under section* 133.

1. On motion to set aside a judgment upon the ground of excusable neg-lect, if it appear that a summons was personally served on the defend-daut, he is affected with notice of the judgment and must make his motion within a year after its rendition; but if not, he may make it at any time within one year after *actual* notice of the judgment.

2. Where in such case the summons was regularly served upon defend-ant and the counsel employed by him failed to enter his pleas, and the defendant made no inquiry as to the disposition of the case until nearly five years after rendition of judgment; *Held* that his laches were inex-cusable.

(*Griel* v. *Vernon*, 65 N. C., 76; *Burke* v. *Stokely*, Ib., 569; *Mabry* v. *Er-win*, 78 N. C., 45; *Askew* v. *Capehart*, 79 N. C., 17; *McDaniel* v. *Wat-kins*, 76 N. C., 399; *Hall* v. *Craige*, 68 N. C., 305; *Smith* v. *Hahn*, 80 N. C., 240; *Jarman* v. *Saunders*, 64 N. C., 367; *Tooley* v. *Jasper*, 2 2 Hay, 383; *Molyneux* v. *Huey*, 81 N. C., 106, cited and approved.)

MOTION under section 133 of the Code to set aside a judg-ment, rendered in the above entitled action, heard at Spring Term, 1880, of ROBESON Superior Court, before *Eure, J.*

The following are the facts found by His Honor: At fall term, 1875, of the superior court of said county the plaintiff obtained a judgment against the defendant in manner and form following: "It appearing by complaint of plaintiff in the above entitled cause that the defendant is justly due and indebted to the plaintiff in the sum of four hundred and fifty-five dollars and sixty-one cents and the defendant

having failed to answer, it is considered and adjudged by the court that the plaintiff do recover of the defendant, A. A. McLean, administrator of G. W. McLean, deceased, the sum of four hundred and fifty-five dollars and sixty-one cents and interest on two hundred and ninety-nine dollars and eighty-four cents, till paid, and costs of this action." That the judgment was rendered on a negotiable promissory note, under seal, given by defendant, A. A. McLean, as administrator of G. W. McLean, deceased, to D. H. McLean in consideration of an open account due by the said G. W. McLean to the said D. H. McLean, and was docketed on the judgment docket of the superior court of said county on October 15th, 1875. That about three weeks before the fall term, 1875, of the superior court of said county, the defendant requested an attorney to enter for him in said case, the pleas of fully administered, no assets, and all the other protecting pleas of an administrator, and that said attorney promised him he would do so, and that before that time he had employed the said attorney to appear in said case and had paid him his fee, and that the said attorney did not mark his name to the said case, but for some cause, unknown to the said A. A. McLean, administrator, did not file any answer, nor enter any pleas therein, and that that fact was not known to defendant until the 25th day of March, 1880. That the action was commenced in March, 1875, it being spring term of said court, and judgment was rendered at fall term, 1875, for want of an answer. That at fall term, 1878, J. C. McLean, administrator of D. H. McLean, deceased, brought an action against the said A. A. McLean and against McKoy Sellers and N. A. Sellers who were sureties on his administration bond, to enforce payment of the aforesaid judgment, and that the complaint in said action was not filed until fall term, 1879, of said court, and the said suit is now pending. That the defendant had no assets at the time the aforesaid judgment was rendered against him

and has no assets now. That defendant allowed judgment absolute in favor of Mary Ann McLean to be taken against him, on open account for the amount of five hundred dollars in January, 1875, after demand had been made on him by the plaintiff for the payment of the negotiable promissory note above described. The motion to set aside the judgment was allowed, and judgment against the plaintiff for costs of motion, and from these rulings the plaintiff appealed.

*Messrs. McNeill & McNeill* and *A. Rowland*, for plaintiff.
*Messrs. W. F. French* and *Walter Clark*, for defendant.

ASHE, J. This was a motion to set aside a judgment by default under section 133 of the Code, upon the ground of surprise or excusable neglect. The decisions of this court are not uniform and altogether reconcilable on the construction of this section of the code. In *Griel* v. *Vernon*, 65 N. C., 76, where the motion was made after the year from the rendition of the judgment, but within twelve months before the motion to set aside the judgment, the court held that a judgment by default against a party who had employed an attorney to enter his pleas, and such attorney had neglected to do so, is a surprise within the meaning of the section, and the neglect of the party to examine the docket and see that the pleas were in, is an excusable neglect. And at the same term in the case of *Burke* v. *Stokely*, 65 N. C., 569, which was a motion to set aside a judgment by default and inquiry and a final judgment, on the ground that the defendant had written to an attorney residing in the town where the action was pending and employed him to plead to the action, stating that he had a meritorious defence, but no appearance was entered by the attorney and the defendant did not know whether his letter had been received, and he was not aware that the attorney had not made an ap-

pearance in the case until a few days before his motion to set aside the judgment was made, more than a year from its rendition. The motion was disallowed by the court below, and PEARSON, C. J., said : " We concur with the court below in the conclusion that the defendants do not make out a case of mistake, inadvertence, surprise or excusable negligence under the code, section 133, as to the judgment by default," but the final judgment was set aside on the ground that one of the defendants had died pending the action. In *Mabry* v. *Erwin*, 78 N. C., 45, 46, two cases: The motion was refused by this court, READE, J., saying, " more than a year had expired before the motion was made and therefore it cannot be allowed." In *Askew* v. *Capehart*, 79 N. C., 17, the motion was not made within a year after the rendition of the judgment and the plaintiff alleged that he did not discover the mistake until within a few months before the institution of this action. Judge BYNUM, speaking for the court, said : " But he was a party defendant to the action wherein the alleged mistake occurred. The law presumes that he took notice of all that occurred, in the progress of the action and of the judgment rendered. He has neither shown nor alleged any excuse in rebuttal of this presumption. It was his duty to take notice." And in the case of *McDaniel* v. *Watkins*, 76 N. C., 399, where His Honor in the superior court, as in this case, found the facts " that the defendant had no notice of the existence of said judgment, except such as appeared upon the records of the court, and the motion was made by the defendant more than a year after the rendition of the judgment, and upon that state of facts ordered the judgment to be set aside, but this court, PEARSON, C. J., delivering the opinion, says : " We think His Honor erred in respect to what 'amounts to notice of judgment,' which is a matter of law. Suppose judgment by default be taken at the appearance term in an action commenced in the superior court, the defendant has

notice of this judgment at the term to which the summons
is returnable, and cannot be heard to say, when he asks for
relief under section 133, that he did not have notice of the
judgment." This decision, we think, is decisive of the case
before us. It is true in that case, there was no excuse given,
as in this case of the neglect of counsel ; but it announces
the principle that what amounts to notice of a judgment is
"matter of law," and when a party is personally served
with a summons, he is bound to take notice. The law fixes
him with notice, and he cannot be heard to say, he did not
have it. And that, we think, is the true distinction to be
made in construing section 133. When a summons is per-
sonally served upon a party or he is a party plaintiff to an
action by his own act, or with his knowledge or consent,
he is affected with notice of all that occurs in the progress
of the cause and must make his motion within a *year after
the rendition of the judgment ;* but when he has not been per-
sonally served with notice, or has been made a party to the
action without his knowledge, then he may make his mo-
tion *at any time within one year after actual notice of the judg-
ment.*

Applying the principle of this distinction, which we think
is fully recognized in the cases above cited, the defendant
has not brought himself within the provisions of section
133. He was a party to the action, regularly served with
the summons, and, after employing counsel, he never en-
quired what had become of his case until nearly five years
after the rendition of the judgment, and while we do not
undertake to decide the question, which will probably be
raised on the trial of the action on the administration bond
now pending in the superior court of Robeson, with the
lights now before us, we are unable to see, if his attorney
had entered, as he directed, all the protecting pleas of an
administrator, how it would have availed him, in that

action, which was founded upon his note under seal. See Parsons on Contracts, 128 ; *Hall* v. *Craige*, 68 N. C., 305.

But the defendant insists that even if the defendant has failed to make out a case of surprise or excusable negligence under section 133, the facts found by His Honor in the court below make out such a case, as the old courts of equity would have set aside or enjoined the judgment and the superior courts now having all the jurisdiction of the old courts of equity should set it aside, and to sustain the point, the defendant's counsel relied upon the cases of *Smith* v. *Hahn*, 80 N. C., 240 ; *Jarman* v. *Saunders*, 64 N. C., 367 ; *Tooley's Executors* v. *Jasper*, 2 Hay., 383 ; *Molyneux* v. *Huey*, 81 N. C., 106. But these cases are not applicable and do not sustain the defendant's position. In *Smith* v. *Hahn*, the judgment was set aside on the ground of fraud ; in *Tooley's Ex'rs* v. *Jasper*, the injunction was refused to be dissolved by Judge HALL because the contract was unconscionable, and the bond sued on was alleged to have been founded in champerty and maintenance, and Judge TAYLOR had rendered a judgment upon the bond. In *Jarman* v. *Saunders* the judgment set aside was rendered in violation of an express agreement between the parties, and the plaintiff had taken an unconscientious advantage of the defendant, and *Molyneux* v. *Huey* was disposed of upon the same ground. "A court of equity will not grant an injunction against a judgment, when there has been negligence on the part of the complainant in availing himself of a defence at law, or other neglect." To authorize a court of equity to interfere by injunction, there must be some fact, which clearly proved it to be against conscience to execute a judgment at law, and of which the injured party could not have availed himself in a court of law ; or of which he might have availed himself, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his *agents*. Adams Eq., 197, note 1, and cases there cited.

In the view we have taken of the case, we do not think we have anything to do with the question, whether the complainant had assets when he gave the bond, or how that fact, be it as it may, can affect the question presented by the record for our determination.

We think the ruling of His Honor in the court below was erroneous and his judgment on the motion is reversed, and judgment must be entered in this court for the plaintiff.

Error.                                              Reversed.