J. G. ROBERTS et al. v. A. D. ALLMAN et al.

*Summons—Irregularity in Return Term—Time of Filing Complaint—Counsel—Judgment by Default.*

1. Summons was returned at November Term, 1883, of the Superior Court. Complaint was not filed until near the end of the term of four weeks. At the Fall Term, 1884, judgment by default, for want of an answer, was entered and reference ordered. Defendants and their counsel appeared before the referee in March, 1887, and from time to time until May __, 1887, on which day counsel, who had not previously appeared for them, moved to dismiss the proceeding on account of irregularity in the manner of obtaining judgment. Upon the denial of this motion, one was made before the Court to set aside the judgment upon the additional ground that it was a surprise: *Held,* (1) that the Court below properly refused this motion; (2) defendants did not exercise due diligence in seeking relief.

2. Where complaint is filed after the return term, it stands on file during the first three days of the next succeeding term, and judgment by default for want of answer at that term may be rendered.

3. Summons "to appear before the Judge of the Superior Court at the Court to be held for the county of Buncombe, at the court-house in Asheville, on the third Monday after the _____ Monday of November," it being the only Court for that part of the year, is not irregular.

4. A general appearance, even before the referee, cures all antecedent irregularity.

5. Defendants having been personally served with summons, could not seek relief on the ground of excusable neglect, except by motion made in twelve months from the rendition of the judgment.

6. It is not enough that parties to a suit should engage counsel and leave it entirely in his charge. They should, in addition to this, give to it that amount of attention which a man of ordinary prudence usually gives to his important business.

APPEAL from *Graves, J.*, at June Term, 1887, BUNCOMBE Superior Court.

The summons in this case directed the defendants "to appear before the Judge of the Superior Court at the Court to be held for the county of Buncombe at the court-house in Asheville, on the third Monday after the ____ Monday of November." The summons was issued 2d July, 1883, and was served personally on the defendants on the 15th October. The term of the Court began 17th November, and was a four-weeks term. It was the only Court then provided by law for that part of the year elapsing after the issuing of the summons in July. The complaint was verified and filed December 13, 1883, during the last week of the term. At Fall Term, 1884, judgment by default for want of an answer was entered and a reference ordered to state an account. Before the referee, some of the parties attended on the 19th of March, 1887, and the case was continued; on April 9, 1887, the defendants were present in person and by counsel, and case was continued, and by consent of both parties was set for May 18, 1887. On that day, counsel for defendants, who was not the counsel who had before represented them in the cause, asked to be allowed to enter a special appearance and dismiss the proceeding for the reason "that the judgment in this case is irregular in that it is by default, the complaint not having been filed until 13th December, 1883, when the summons was returned on the third Monday in November, 1883." This motion was refused. The referee proceeded to state the account and made his report to June Term, 1887. At that term, the defendants, upon notice given 23d of May, 1887, moved to set aside the judgment rendered at November Term, 1884, upon the ground that it was "irregular, having been taken contrary to course and practice of the Courts, and for the further cause it is a surprise to the defendants and oppressive to them." In support of this motion, they filed an affidavit in which they allege "that after the service of the summons upon them, and before the Court to which the same could have been returnable, that is

if the summonses could be construed to have been returnable to the third Monday in November next, affiant employed M. E. Carter, Esq., to attend to the suit for them ; that their said counsel assured them that the plaintiffs could not interfere with their settlement, which is referred to in affidavit of John Allman, and that he would attend to the same for them; that they were satisfied their defence would be properly made, and, resting under said assurance, gave the matter no further attention; that it was currently reported after that that the plaintiffs had abandoned their action, and they heard no more of the same until they were notified of the taking of the account by Thomas A. Jones, Esq., when, to their surprise, they were informed that a judgment had been rendered against them." The Court declined to set aside the judgment, and defendants appealed.

*Mr. T. F. Davidson,* for plaintiffs.
*Mr. G. A. Shuford,* for defendants.

CLARK, J.: We discover nothing to constitute this an irregular judgment. The defendants might have moved at November Term, 1883, to dismiss the action for failure to file the complaint within the first three days of the term. *The Code,* 206. This was not done. Even if the complaint had been filed after the close of that term, it would have been on file during the first three days of next term, and the judgment by default might have been then rendered if no answer were filed at that term. In fact, it was not taken until November Term, 1884.

Nor was the summons irregular. It was evidently intended for Fall Term, 1883, and defendants could not have been misled by it. In truth, their affidavit says they employed counsel to represent them at that term. Besides, "a general appearance to an action cures all antecedent irregularity in the process (as here by attending before the referee), and

places defendant upon the same ground as if he had been personally served with process." *Wheeler* v. *Cobb*, 75 N. C., 21, and cases cited. The defendants, however, were in fact served with a summons, and were bound to take notice of all subsequent proceedings. *Stancill* v. *Gay*, 92 N. C., 455.

While an irregular judgment will be set aside upon motion within any reasonable time, this will only be done when the irregularity complained of is so serious in its nature as to render the judgment void, or seriously injure and prejudice the moving party (*Williamson* v. *Hartman*, 92 N. C., 236), and not unless the moving party has exercised due diligence in seeking relief. *Stancill* v. *Gay*, *supra*. Here the irregularity, if any, was not of a serious nature, and defendants have shown no diligence in seeking relief.

Nor should the judgment have been set aside for excusable neglect. The summons having been personally served, a motion upon that ground could only be made within one year after the rendition of the judgment. *The Code*, § 274; *McLean* v. *McLean*, 84 N. C., 366. The grounds assigned in the affidavit in this case would have been insufficient, even had the motion been made within one year after judgment. *Whitson* v. *Railroad*, 95 N. C., 385; *Henry* v. *Clayton*, 85 N. C., 371. "A defendant does not abandon all care of his case when he has engaged counsel to look after it," yet this seems to be what defendants did, according to their own showing. They failed "to give that amount of attention to the case which a man of ordinary prudence usually gives to his important business." *Sluder* v. *Rollins*, 76 N. C, 271.

*Per Curiam:*                                        No error.