H. B. CLAFLIN et al. v. J. A. HARRISON et al.

*Party—Pleading—Mortgagee.*

In an action brought against a trading firm to recover a debt in which it was sought, among other remedies, to subject the individual real estate of one of the firm—a woman—to the satisfaction of the judgment, the complaint did not allege that the said real property was any part of the assets of the firm, nor that the woman was married, nor that she had conveyed the lands fraudulently : *Held*, (1) that the complaint failed to disclose such a cause of action as authorized a sale of the land and a distribution of the proceeds among creditors ; (2) that a prior mortgagee of the woman was not a necessary party and the action as to him was properly dismissed.

APPEAL from an order of *Boykin, J.*, at May Term, 1890, of VANCE Superior Court.

The action was instituted for the purpose, among others, of subjecting the real estate of Mrs. Nancy Verrell, in Nash County, to the debts of the firm of Harrison Bridgers Dry Goods Company, of which firm she was a member. After the action was instituted her death was suggested, and at the February Term, 1890, her administrator was made a party. The defendant Louis Hilliard, a resident of Norfolk, Virginia, claimed to have a mortgage on the real estate of Nancy Verrell. On 7th December, 1888, the Clerk of Vance Superior Court, upon the filing of an affidavit by plaintiffs that Louis Hilliard was a necessary party, and that he claimed to have a mortgage on the real estate of Mrs. Verrell, made an order that summons be served by publication in the *Tomahawk* newspaper, a paper published in Vance County, for six weeks, and it was made. The defendant Louis Hilliard filed a special plea, and contended that it was an action *in personam,* and that service could not be made by publication. The plaintiffs contended that it was

in the nature of an action to foreclose a mortgage, and was, in fact, a proceeding in *rem*. His Honor made an order dismissing the action, so far as Louis Hilliard was concerned, from which order the plaintiffs appealed.

*H. T. Watkins* (by brief), for plaintiffs.
Messrs. *J. B. Batchelor* and *John Devereux, Jr.*, for Hilliard.

SHEPHERD, J.: The plaintiffs pray judgment for their debts; that the defendants be declared guilty of a fraud in contracting the same; that an execution be issued against their persons in the event that executions against their property be returned unsatisfied, and that one of the defendants be required to turn over to a receiver the personal property exemption hitherto allotted to him out of the assets of the firm. They also pray that the lands of Nancy Verrell be sold by a commissioner and that the proceeds of the sale be distributed among them. We are at a loss to understand the precise nature of this action, but it is very clear from the face of the complaint that the lands of the defendant Nancy cannot be sold in this summary manner. It does not appear that they constitute any part of the assets of the partnership; nor does it appear that she is a married woman, and that her property is sought to be subjected in equity as such; nor is it shown that she has conveyed her said property for the purpose of defrauding the plaintiffs, so as possibly to bring the case within *Bank* v. *Harris*, 84 N. C., 206.

As, therefore, upon the facts alleged, no judgment can be rendered affecting her lands, it must follow that the defendant Hilliard, who has a mortgage upon the same, is not a proper or necessary party, and that there was no error on the part of his Honor in dismissing the action so far as he is concerned.

*The Code*, § 218, provides for service by publication in the cases mentioned, only where it appears " that a cause of

action exists against the defendant in respect to whom service is to be made, or that he is a proper party to an action relating to real property in this State."

As there is no cause of action alleged against the said Hilliard, nor any cause of action shown by which the land in which he is interested can be affected, the order of publication was improvidently granted, and the ruling of his Honor must be affirmed.

Affirmed.