J. E. SLUDER and Wife v. J. R. GRAHAM, et al.

*Setting Aside Judgment after Lapse of One Year—Section*
*274 of The Code—Notice.*

Plaintiff and defendants, who have been served with process in
an action, are deemed to have legal notice of all proceedings
in the action at the regular term of the court, and cannot,
after lapse of a year from the entry of a judgment, have it
set aside under Section 274 of *The Code.*

This was a motion made by Sarah A. Sluder, one of the
plaintiffs, in the action above named in the December
Term, 1894, of the Superior Court of BUNCOMBE County, to
vacate the judgment entered in said action at August
Term, 1893, of said court.

The motion was made and heard before his Honor, *Judge
Boykin,* on Saturday, the last day of said December term
of said court, but no motion nor notice of motion had
been made or given by said Sarah A. Sluder previous to
said last-mentioned date.   Defendants resisted the motion
upon the ground that the same had not been interposed
until more than a year after the rendition of the judgment
in the action, at August term, 1893, which being a final judg-
ment, could be assailed and vacated only by an independ-
ent action.   His Honor, upon the affidavit of the said
plaintiff, granted her motion and made the order vacating
the said judgment of August term, 1893, and granting the
said plaintiff leave to amend her complaint.

The defendants excepted to said ruling and order and
appealed.

*Messrs. Moore & Moore,* for plaintiffs.
*Mr. J. H. Merrimon,* for defendants (appellants).

FURCHES, J.:  This is a motion, made at December

term, 1894, to set aside a judgment of the superior court taken at August term, 1893. The motion being made more than a year after the judgment was rendered, it cannot be set aside for excusable neglect under Section 274 of *The Code,* unless the party making it has had no notice of the existence of the judgment until within one year prior to the time of making the motion. The *feme* plaintiff, in her affidavit in support of her motion to set aside the judgment as to her, says that she did not know, until about " four months before making the motion, that her husband had attempted to settle the case or to have the same dismissed." By this we understand that she had no actual notice of the judgment until about four months before making the motion.

The opinions of this Court have not always been uniform as to this matter of notice. But in *McLean* v. *McLean,* 84 N. C., 366, where a summary of the decisions on the subject is made, it is held that *plaintiffs* and defendants who have had personal service of process have *legal notice* of any judgment entered at a regular term of the court in their actions, and that only such defendants as are not affected by such personal service of process, duly made, may avail themselves of a want of notice to enable them to make this motion after the lapse of one year from the date of the judgment. According to this rule, which now seems to be settled as the law governing motions made under Section 274, the court had no power to make the order appealed from, and there is error. The order made at December term, 1894, must be vacated, and the judgment at August term, 1893, allowed to stand as the judgment of the court.

Error.