MARY LOU LEE ET AL. v. M. D. McCRACKEN.

(Filed 12 January, 1916.)

**Judgment—Default—Excusable Neglect—Limitation of Actions—Statutes.**

Where a judgment by default final has been taken for the want of an answer, and it appears that summons had been personally served, a verified complaint filed fully setting forth the facts entitling plaintiff to the judgment, the judgment being taken in the course and practice of the courts, is regular, and may not be set aside by motion for excusable neglect, etc., after one year from its rendition, the time limited controlling. Revisal, sec. 513.

MOTION to vacate a judgment by default final rendered in an action to set aside a deed and recover land, heard before *Cline, J.,* first at Franklin, N. C., in chambers, by consent, where his Honor made certain findings of fact relevant to inquiry, as appears of record. The cause was then continued for further consideration at May Term, 1915, Superior Court of HAYWOOD County, where the judgment in question had been rendered and docketed, when his Honor, on additional affidavits and testimony, made further findings of fact, and thereon entered judgment that the said judgment by default be set aside and defendant allowed to answer as he may be advised, and plaintiff excepted and appealed.

*W. J. Hannah and J. M. Queen for plaintiff.*
*J. W. Ferguson and Morgan & Ward for defendant.*

HOKE, J. We are unable to concur in the view of this case which was taken in the court below, and are of opinion that, on the facts as found

by his Honor, he was without power to vacate the judgment. From a perusal of the findings of fact it appears that the judgment by default final was rendered and signed by *Judge Carter* at January Term, 1914, Superior Court of Haywood County, and, some fifteen months thereafter, the present motion was made and acted on at May Term, 1915, of said court; that the action was to set aside a deed for fraud and to recover possession of a tract of land conveyed by said deed, and summons was regularly issued and personally served on defendant in Haywood County, on 9 September, 1912, and verified complaint was then filed, fully setting out the facts and describing the land, and same was cross-indexed and docketed on that date, the plaintiff seeking in this way to establish a *lis pendens* in reference to the property; that the cause was continued from time to time until November, 1913, when Mr. Crawford, who had been "spoken to by defendant" as attorney, died, and, two months thereafter, at January regular term, no answer or defense bond ever having been filed by defendant, his Honor, on perusal of the verified complaint, found the facts to be as therein stated and entered the judgment by default final as prayed for.

Our statute in reference to proceedings of this character, Revisal, sec. 513, provides that the judge may relieve a party from a judgment, etc., taken against him "through his mistake, inadvertence, surprise, or excusable neglect," at any time within one year after notice thereof, and in many decisions construing the law it has been held that where the judgment complained of is rendered on a summons personally served within the jurisdiction this one-year period shall be estimated from its rendition, the party defendant in such case being affected with notice. *Ins. Co. v. Scott; Clement v. Ireland,* 129 N. C., 220; *McLean v. McLean,* 84 N. C., 366. True, it has also been repeatedly held that this restriction as to time prevails only in case of regular judgments, that is, such as are taken according to the course and practice of the courts, and, as to irregular judgments, that this statutory period does not necessarily apply. *Calmes v. Lambert,* 153 N. C., 248; *Becton v. Dunn,* 137 N. C., 559; *Wolfe v. Davis,* 74 N. C., 597. But, to our minds, this is a regular judgment, in which it appears that the summons was personally served within the jurisdiction of the court. The verified complaint, duly filed, and the cause coming on for hearing at a regular term of the Superior Court, there being no answer filed or even a defense bond, the judge, having considered the allegations of the complaint, finds the essential facts alleged therein to be true, and enters judgment by default final according to the course and practice of the court. *Junge v. MacKnight,* 137 N. C., 285. This being true, the motion of defendant not having been made within a year, the court was without power in the premises, and the same should have been denied.

It is no answer to this position that the court, after finding that the complaint had been duly and regularly filed, finds further that defendant, having employed Mr. W. T. Crawford as his attorney in the case, that his attorney applied on several occasions at the clerk's office for the complaint in order to answer, and it was not to be found there, and that defendant was with him on one or two occasions, and perhaps applied himself for the complaint, and the clerk could not find it in his office," and the court, therefore, finds that defendant did not have an opportunity to answer the complaint. Responsibility for this condition is not fixed by the court, but, even if it was attributable to plaintiff or his counsel, the facts tending as they do to show that the complaint for a large part of the time was not in the clerk's office, where it should have been, might very well support a conclusion that the judgment was taken against defendant by surprise or excusable neglect, but they do not at all seem to show that the judgment was irregular.

The case, therefore, comes within the statutory limitation, and the motion of defendant, as stated, should have been denied.

In *Monroe v. Whitted*, 79 N. C., 508, a case to which we were referred by appellant's counsel, it appeared that no complaint was ever filed, and *Bynum, J.*, delivering the opinion, among other things, said: "We are satisfied from the evidence that no pleadings were actually filed; that the entries on the docket were made by or under the direction of the plaintiff, and that, in point of fact, no judgment was ever rendered by the knowledge or sanction of the judge presiding. It was irregular, and ought to be set aside." It thus appears that the case bears very little or no resemblance to that presented in this record.

We are confirmed in the disposition made of this appeal by other relevant facts recited in his Honor's findings, that the defendant has never filed any answer or defense bond in the cause or made any motion for time or leave to do so, and that, although his counsel, Mr. W. T. Crawford, died in November, 1913, he did not employ any other counsel; that the judgment was rendered at the regular term of Haywood Superior Court, February Term, 1914, was duly docketed, cross-indexed, and defendant did not appear at said term or make any motion in the cause from the death of his counsel, in November, 1913, until he was ousted by writ of possession issued in March, 1915.

Upon the facts it would be difficult to sustain a motion to set aside the judgment for excusable neglect or inadvertence, even if such course was now open to defendant.

There is error, and the judgment of his Honor in setting aside the former judgment is

Reversed.