JESSE C. FOSTER v. ALLISON CORPORATION AND NEWTON TRUST COMPANY, A CORPORATION.

(Filed 17 February, 1926.)

**1. Process—Summons—Service—Publication—Proceedings in rem.**

Where process by publication has been duly made on nonresident corporations in a suit to set aside for fraud deeds to property situated in the jurisdiction of our courts, the proceedings are *in rem,* and affect only the title to the *locus in quo* and do not extend to the liability of the defendants beyond whatever interest they may have in the land in question.

**2. Limitation of Actions—Judgments—Motions to Set Aside—Statutes—Notice.**

And where service has been made by publication, upon defendant's motion to set aside a judgment by default in plaintiff's favor, within five years from its date, or one year after notice, it comes within the provisions of C. S., 492, and not C. S., 600.

**3. Courts — Nonresident Owners of Property — Presumptions—Jurisdiction.**

A nonresident owning property subject to the jurisdiction of our courts acquires and holds the title subject to our laws, and is affected with notice of an action involving the title from the issuance of the summons personally served, or the completion of the services by publication when the statute is applicable.

**4. Process—Summons—Publication—Proceedings in rem—Constitutional Law.**

Our statute as to publication of summons in an action *in rem* against a nonresident defendant is within the due process clause of our Constitution.

**5. Judgments—Motions to Set Aside—Notice—Statutes.**

C. S., 600, giving a party the right to have a judgment through his "mistake, inadvertence, surprise or excusable neglect," means personal knowledge, and applies to judgments regularly entered, and not to irregular judgments.

**6. Courts—Proceedings—Parties—Presumptions.**

Where a party has been brought into court by the personal service of a summons, or voluntarily does so as a party defendant, he is presumed to take notice of all the various legal steps in the proceedings, and when he seeks to have a judgment therein rendered set aside after notice, etc., he must show the surprise, mistake or excusable neglect necessary for his purpose within one year, under the provisions of C. S., 600.

STACY, J., concurring in result.

APPEAL by defendants from *Devin, J.,* at April Term, 1925, of ONSLOW. Affirmed.

This was an action brought by plaintiff against defendant, Allison Corporation, to set aside certain conveyances of land in North Carolina, made by plaintiff to it for fraud. The Newton Trust Company, the other defendant, had mortgages on the lands given by the Allison Corporation, and it is alleged by plaintiff that the mortgages of defendant Newton Trust Company, were taken with full knowledge and that it was party to the fraud of the Allison Corporation.

The plaintiff prayed: "That the conveyance from him to the defendant, Allison Corporation, be declared null and void, set aside and duly canceled of record in Onslow County, State of North Carolina. That the conveyance from the defendant, Allison Corporation, to the defendant, Newton Trust Company, be declared null and void, set aside

and canceled of record in the county of Onslow, State of North Caro-
lina. That this plaintiff be declared the owner of and entitled to all
the property, interest and estate described in the conveyances from him
to the said defendant, Allison Corporation, free and clear of any and
all encumbrance or encumbrances and in fee simple."

The defendants were foreign corporations. The plaintiff issued its
summons against defendants and had it served by publication. On 19
January, 1925, the clerk rendered judgment in favor of the plaintiff,
in accordance with prayer of the complaint.

The defendants, on 31 March, 1925, through its counsel, by "special
appearance," gave notice to plaintiff and his counsel that on Saturday,
11 April, 1925, setting hour of day, a motion would be made before
the clerk "to quash process and to set aside the judgment rendered
herein as of 19 January, A.D., 1925, under section 600 of the Consoli-
dated Statutes, on the ground that the defendants were taken by surprise
and were guilty of no neglect whatever in failing to defend the action
because of the fact that the pendency of the action had not come to
their attention, directly or indirectly, until after 19 January, A.D.,
1925." Accompanying this motion was a verified petition of defendants
fully setting forth the grounds of its motion. The clerk found the facts
and among them: "That this action was begun by summons which was
returned by the sheriff with the notation as herein found, and service
was thereupon had by publication, and that said return, affidavit, order
of publication and notice of publication were regular and complete in
every respect and as required by law. That the motion to quash process
and petition to set aside judgment on account of surprise and excusable
neglect was filed by the defendants' counsel within twelve months from
the actual notice of the judgment entered on 19 January, 1925, and
within five years of the rendition of said judgment. That the petition
and affidavit of the defendants show that they have a meritorious de-
fense to the action. And upon findings of fact, ordered and adjudged:
That the motion to quash process filed by counsel for the defendants,
be and the same is hereby denied and dismissed. That the judgment
entered in this cause on 19 January, 1925, be, and the same is, set aside
under section 492 of the Consolidated Statutes, and the defendants are
allowed 60 days within which to file answer or other pleadings as they
may be advised."

Defendants tendered an order finding certain facts which the clerk
refused to sign and the counsel specially appearing appealed to the
judge of the Superior Court from the judgment signed by the clerk.
The matter having been heard, the judge made the following order:
"This cause coming on for a hearing upon appeal of the defendants, and
being heard by his Honor, W. A. Devin, judge, during April Term,

1925, of the Superior Court of Onslow County, said appeal of the defendants having been taken upon the refusal of the clerk to find facts and sign order as contended for by the defendants under C. S., 600 (the clerk having found facts and entered an order under C. S., 492, setting aside the judgment formerly entered in this cause by the clerk), and the court being of opinion that the motion of the defendants is controlled by C. S., 492, hereby affirms the findings of fact and the order heretofore signed by the clerk, with the following modifications, viz.:

"1. That the following findings of fact be added to those found by the clerk in said former order and inserted after paragraph 10:

" '10a. That neither of these defendants had any actual knowledge, notice or information whatever of the institution or pendency of this suit, nor of the publication of summons, until 27 January, A.D., 1925.'

"2. That the defendants be given till 1 August, 1925, within which time to file answer to the complaint heretofore filed in this cause or within which time to file such other pleadings as they may be advised.

"The defendants, through counsel, requested the court to include in the findings of fact above set out, the following: 'And the defendants were guilty of no laches or neglect in failing to file answer, but were, in fact, taken by surprise when they learned that the service of summons had been completed by publication and the clerk was about to sign the judgment,' which was declined by the court.

"To the foregoing order affirming the former order of the clerk on the ground that section 600 does not apply, and the adjudging that relief can only be given the defendants under the terms of section 492 of Consolidated Statutes, the defendants except, assign error and appeal to the Supreme Court."

*I. M. Bailey and John D. Warlick for plaintiff.*
*Rountree & Carr and Nere E. Day for defendants.*

CLARKSON, J. The defendants contend: "The court should have set aside this judgment for excusable neglect, under C. S., 600. That any party to a suit, in the courts of North Carolina, whether personal or corporate, whether resident or nonresident, who has a judgment entered against him by default had a right, when he has a meritorious defense and has been guilty of no inexcusable neglect, to have said verdict set aside if such motion is made in apt time."

This brings us to consider C. S., 492 and C. S., 600. Under C. S., Art. 8, "Civil Procedure," the procedure of obtaining service on foreign corporations by publication, manner, etc., is fully set forth. Then the manner of personal service on nonresidents, then C. S., 492, which is as follows: "The defendant against whom publication is ordered, or who is

FOSTER v. ALLISON CORPORATION.

served under the provisions of the preceding section, or his representatives, on application and sufficient cause shown at any time before judgment, must be allowed to defend the action; and, except in an action for divorce, the defendant against whom publication is ordered, or his representatives, may in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within five years after its rendition, on such terms as are just; and if the defense is successful and the judgment or any part thereof has been collected or otherwise enforced, such restitution may be compelled as the court directs. Title to property sold under such judgment to a purchaser in good faith is not thereby affected. No fiduciary officer or trustee who has made distribution of a fund under such judgment in good faith is personally liable if the judgment is changed by reason of such defense made after its rendition; nor in case the judgment was rendered for the partition of land, and any persons receiving any of the land in such partition sell it to a third person; the title of such third person is not affected if such defense is successful, but the redress of the person so defending after judgment shall be had by proper judgment against the parties to the original judgment and their heirs and personal representatives, and in no case affects persons who in good faith have dealt with such parties or their heirs or personal representatives on the basis of such judgment being permanent." It will be noted that in C. S., 492, is the following: "Title to property sold under such judgment to a purchaser in good faith is not hereby affected."

Counsel for defendants earnestly contends that in setting aside a judgment under C. S., 492, a bona fide purchaser may obtain title and property be taken without due process of law or a day in court, and argues that this would not be the case under C. S., 600. The contention is not tenable as to due process. When defendant, Allison Corporation, acquired land in this State and when the Newton Trust Company took a mortgage on the land, they took it with the law in force at the time in reference to foreign corporations.

It is said in 6 R. C. L., part sec. 445: "It is the duty of the owner of real estate, who is a nonresident, to take measures that in some way he shall be represented when his property is called into requisition, and if he fails to do this, and fails to get notice by the ordinary publications which have usually been required in such cases, it is his misfortune, and he must abide the consequences. Such publication is due process of law as applied to this class of cases." The same principle is laid down in Freeman on Judgments, 3d vol., 5 ed., p. 2840.

In Cooley Const. Lim., 7 ed., p. 583, it is said: "Where a party has property in a State, and resides elsewhere, his property is justly subject

to all valid claims that may exist against him there; but beyond this, due process of law would require appearance or personal service before the defendant could be personally bound by any judgment rendered." Statutes providing for service by publication in actions *in rem* is due process. See note 87 Am. St. Rep., 360.

In *Bernhardt v. Brown,* 118 N. C., p. 706, *Clark, J.,* said: "In proceedings under this class—proceedings *in rem*—it is not necessary, as in proceedings *quasi in rem,* to acquire jurisdiction by actual seizure or attachment of the property, but 'it may be done by the mere bringing of the suit in which the claim is sought to be enforced, which in law (in such cases) is equivalent to a seizure, being the open and public exercise of dominion over it for the purpose of the suit.' *Heidritter v. Elizabeth Oil Co.,* 112 U. S., 294. And as to this class of cases, the statute prescribes publication of the summons whether the defendant is a nonresident or a resident whenever, 'after due diligence he cannot be found in the State.' The Code, sec. 218 (4); *Claflin v. Harrison,* 108 N. C., 157."

In *Bynum v. Bynum,* 179 N. C., p. 16, this Court said: "The power of a court having jurisdiction, by proceedings, *quasi in rem,* and observing the statutory methods as to service of process, to make valid decrees affecting the status, condition, and ownership of real property, situate within the State, is fully recognized with us, and, in proper instances, the same may be made effective both against nonresidents and persons unknown. *Lawrence v. Hardy,* 151 N. C., 123; *Vick v. Flourney,* 147 N. C., 209; *Bernhardt v. Brown,* 118 N. C., 701." *White v. White,* 179 N. C., 592; *Bridger v. Mitchell,* 187 N. C., 374.

In the *Heidritter case, supra, Mr. Justice Matthews* says: "In *Cooper v. Reynolds,* 10 Wall., 308-318 (77 U. S., XIX, 931, 933), it is said by *Mr. Justice Miller,* delivering the opinion of the Court, that, in such cases, where there is no appearance of the defendant and no service of process on him, 'The case becomes, in its essential nature, a process *in rem,"* and that, p. 317, 'while the general rule in regard to jurisdiction *in rem* requires an actual seizure and possession of the *res* by the officer of the court, such jurisdiction may be acquired by acts which are of equivalent import and which stand for and represent the dominion of the court over the thing and in effect subject it to the control of the court.' This may be the levy of a writ, or the mere bringing of a suit. 'It is immaterial,' said this Court by *Mr. Justice McLean,* in *Boswell v. Otis,* 9 How., 336, 'whether the proceedings against the property be by an attachment or bill in chancery. It must be substantially a proceeding *in rem.'* "

The suit brought by plaintiff is not a proceeding *quasi in rem*—such as an attachment, etc.—but a proceeding *in rem,* an equitable proceeding,

rescission and cancellation, to set aside certain conveyances for fraud, formerly a bill in chancery. Distinctions between forms of actions at law and suits in equity are abolished under our Constitution, but does not destroy equitable rights and remedies, nor does it merge legal and equitable rights. *Furst v. Merritt,* 190 N. C., 397.

Freeman on Judgments, vol. 3, 5 ed., p. 3123, well says: "The general rule that the jurisdiction of a court cannot extend to persons not citizens nor residents of the state or nation in which the court is held, if applied without limitation or exception, would result in nonresidents owning or making claims to property within the state or nation, without giving its courts any authority to determine the claims made to such property, or enforcing liens against it, or coercing the payment out of it of the obligations of its owners to residents of the state or others. This difficulty has been met by characterizing proceedings against non-residents for the purpose of determining claims to or enforcing liens upon their property within the state, or of applying it to the payment of their debts, as *quasi* proceedings *in rem*. But the use of this and equivalent terms does not signify that the interest of any person not a party to the action is or can be affected by it, but rather that the judgment against the nonresident is restricted in its effect to his interest in the property, and binds him as to such interest, but in no other respect. A proceeding *quasi in rem* has been defined as one against a person in respect to property, as distinguished from one against property or a person only."

State courts are enforcing contracts by foreign claimants against its own citizens and corporations as it should do, but when the citizen has a suit against a foreign corporation or person, and it has no property in the State, the claim is frequently lost. If the foreign corporation or person has an agent, the cry or defense is frequently no authority or *ultra vires*. There should be no favorites. *Lunceford v. Association,* 190 N. C., 314; *R. R. v. Cobb, ibid.,* 375; *Kelly v. Shoe Co., ibid.,* 406.

The court below found as a fact that the procedure by publication, etc., was in all respects regular and in accordance with our statutory law. (Actions for divorce exception in the statute.) The court below also found that defendants had no "actual knowledge, notice or information whatever of the institution or pendency" of the suit or of the publication of summons until 27 January, 1925. We can see no error in the court below setting aside the judgment under C. S., 492, *supra.* The language of the statute allows this to be done "upon good cause shown." *Rhodes v. Rhodes,* 125 N. C., 191; *Bank v. Palmer,* 153 N. C., 501; *Page v. McDonald,* 159 N. C., 38; *Moore v. Rankin,* 172 N. C., 599.

C. S., 600, is as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party

from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding." When a defendant is served personally, we think, C. S., 600, *supra,* is applicable.

It will be noted that the statute says: "through his mistake, inadvertence, surprise or excusable neglect." We think this language "through his" *ex vi termini* means personal knowledge, he can then apply for the relief as set forth in C. S., 600. This section applies to regular judgments entered according to the course and practice of the court, and has no application to irregular judgments. There may be some question as to what is an irregular judgment, but when that is determined the limitation of one year does not apply. *Becton v. Dunn,* 137 N. C., 559; *Calmes v. Lambert,* 153 N. C., 248; *Massie v. Hainey,* 165 N. C., 174; *Cox v. Boyden,* 167 N. C., 320; *Lee v. McCracken,* 170 N. C., 575; *Bostwick v. R. R.,* 179 N. C., 485; *Gough v. Bell,* 180 N. C., 268; *Duffer v. Brunson,* 188 N. C., 789; *Ellis v. Ellis,* 190 N. C., 422.

The authorities cited by Mr. Freeman when the relief was granted, all show that the party knew of the suit. Freeman on Judgments, vol. 1, 5 ed., sec. 241.

Relief from a judgment on the ground of mistake, inadvertence, surprise or excusable neglect must be sought "at any time within one year after notice thereof." What is meant by "notice?" When a party voluntarily comes into court as a plaintiff, or makes a voluntary appearance as defendant, or has been personally served with process in the manner required by law, he is in court for all purposes incident to the suit. He is then fixed with notice of everything that is regularly done, and he has notice of any judgment rendered; but if through circumstances constituting excusable neglect he failed to have actual knowledge of what was done, he may apply for relief at any time within a year from the rendition of the judgment. *McDaniel v. Watkins,* 76 N. C., 399; *Mabry v. Erwin,* 78 N. C., 45; *Askew v. Capehart,* 79 N. C., 17; *McLean v. McLean,* 84 N. C., 366; *Roberts v. Allman,* 106 N. C., 391; *Banking Co. v. Duke,* 121 N. C., 111. In some of the cases it is said that if the defendant has been personally served, he must make his motion within a year after the judgment is rendered; but if he has not been personally served though the return of the summons shows otherwise, or if he has been made a party without his knowledge, he may make the motion within a year after notice of the judgment. *McLean v. McLean, supra; Massie v. Hainey, supra; Jernigan v. Jernigan,* 178 N. C., 84.

In *Bank v. Palmer, supra,* at p. 503, *Hoke, J.,* said: "While the motion has been chiefly treated as a proceeding under section 513 (now

C. S., 600), of the Revisal that affording relief against a judgment on the ground of 'mistake, surprise or excusable neglect,' the summons having been only served by publication, the rights of these parties are more directly affected and controlled by section 449 (now C. S., 492), which, among other things, provides that when service of process has been made by publication 'the defendant or his representative may, upon good cause shown, be allowed to defendant after judgment or any time within one year after notice and within five years after its rendition on such terms as may be just."

We think the findings of fact by the court below supported by competent evidence, in such cases they are binding on us. *Turner v. Grain Co.,* 190 N. C., 331.

The judgment of the court below is

Affirmed.

STACY, C. J., concurring in result, but dissenting from the legal conclusion announced: Civil action instituted by plaintiff, a resident of Onslow County, against the defendants, nonresident corporations owning property in this State, to cancel certain deeds and mortgages. Service was obtained by publication, same being completed 26 December, 1924, and judgment by default, for the want of an answer, was entered as of 19 January, 1925. On 31 March, 1925, the defendants filed a motion to set aside the judgment, under C. S., 600, for surprise and excusable neglect, it being alleged that the defendants had no knowledge or information of the institution or pendency of said action prior to 27 January, 1925. The motion was denied under C. S., 600, but allowed under C. S., 492. Defendants appeal.

The only question sought to be presented by the appeal is whether a judgment rendered in an action where service is obtained by publication, upon sufficient cause shown, may be set aside under C. S., 600, as well as under C. S., 492.

An examination of the two statutes will disclose the importance of this question. It is provided in C. S., 492, but not in C. S., 600, that "title to property sold under such judgment to a purchaser in good faith is not thereby affected." *Page v. McDonald,* 159 N. C., 38; *Lawrence v. Hardy,* 151 N. C., 123. It is conceivable, therefore, that, in certain instances, the difference in the effect of proceeding under the one or the other of these two statutes might become capitally important. But there is nothing on the instant record to show the materiality of the question to the defendants in the present proceeding. Hence, I think the judgment should be affirmed, as it is in favor of the appellants, but with a disapproval of the holding that the motion could not be made

under C. S., 600 as well as C. S., 492, and remanded so that defendants may renew their motion, under the former statute, upon proper showing, if so advised.

In *McLean v. McLean,* 84 N. C., p. 370, a case arising under what is now C. S., 600, the following statement was made:

"When a summons is personally served upon a party, or he is a party plaintiff to an action by his own act or with his knowledge or consent, he is affected with notice of all that occurs in the progress of the cause, and must make his motion within a *year after the rendition of the judgment;* but when he has not been personally served with notice, or has been made a party to the action without his knowledge, then he may make his motion *at any time within one year after actual notice of the judgment.*"

This was approved in *Sluder v. Graham,* 118 N. C., 835, and *Jernigan v. Jernigan,* 178 N. C., 84. Indeed, the very language of the statute is that the judge shall, upon such terms as may be just, at any time within one year "after notice thereof," relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

Under our decisions, where the defendant is personally served with summons, he is fixed with notice of all that transpires during the orderly course of the litigation, including, of course, the rendition of the judgment, just as the plaintiff who brought the suit; and, in such cases, the expression, "within one year after notice thereof," used in the statute, perforce means within one year after the rendition of the judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. *Lee v. McCracken,* 170 N. C., 575; *Roberts v. Allman,* 106 N. C., 391; *Grant v. Edwards,* 88 N. C., 246. But where the defendant has not been personally served with summons, or where one has been made a party to the proceeding without his knowledge or consent, such expression, it would seem, must necessarily mean within one year after actual notice of the judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Such has been the interpretation of this section by judges on the circuit and by members of the profession generally. *Campbell v. Campbell,* 179 N. C., 413; *Turner v. Machine Co.,* 133 N. C., 381.