JOHN GASTER v. LEAMON GOODWIN, LAYTON DENSON, INDIVIDUALLY AND TRADING AS APEX TAXI COMPANY, AND HUBERT E. GASTER.

(Filed 15 January, 1965.)

**1. Judgments § 22—**

When a defendant employs reputable counsel and gives him the facts constituting his defense, and counsel prepares and files answer, a default judgment due to the negligent failure of the attorney to appear and defend the cause when called for trial may ordinarily be set aside for surprise and excusable neglect.

**2. Same—**

Evidence to the effect that defendant's counsel duly filed answer setting up a meritorious defense, that the cause was continued from term to term for more than ten years, that defendant was in communication with his attorney at frequent intervals during this period, without evidence to indicate that defendant was or had been put on notice that his attorney was incapacitated and could not present his defense, *held* sufficient to support an order setting aside the judgment for surprise and excusable neglect.

**3. Appeal and Error § 49—**

Findings of fact by the lower court are conclusive on appeal when supported by competent evidence.

**4. Judgments § 22—**

 Where defendant's counsel files answer setting up a meritorious defense and a judgment by default is entered some years thereafter for failure of the attorney to defend after notice, defendant's motion to set aside the default judgment on the ground of surprise and excusable neglect is made in apt time when made within twelve months of defendant's reasonable discovery of the entry of judgment, and the fact that motion to set aside is not made within one year of the rendition of the judgment is not fatal.

APPEAL by plaintiff from *Walker, S. J.,* 20 April 1964 non-jury Civil Session of WAKE.

This is a civil action commenced on 8 December 1947. The summons, together with a copy of the complaint, was personally served on the defendant, Layton Denson, by the Sheriff of Wake County on 11 December 1947. Defendant Denson, through his attorney, filed answer on 5 February 1948.

The case was set for trial many times after the issues were joined, but by reason of the absence of one of the defendants, who was in the military service outside the United States, it was not tried until October 1958. At the regular June 1958 Term of the Superior Court of Wake County, Judge Mallard set the case for trial at the October 1958 Civil Term of the Superior Court of Wake County and directed that the attorneys for both parties be notified.

Robert W. Johnson had been employed at the beginning of the instant litigation to represent defendant Denson. When the case was set for trial by Judge Mallard, the Clerk of the Superior Court of Wake County notified Robert W. Johnson that the matter pending between the plaintiff and the defendants herein would be tried at the October 1958 term of court.

The case was tried on 9 October 1958, and a judgment against defendant Denson was signed by the Honorable Heman R. Clark on 10 October 1958. Neither defendant Denson's attorney, Robert W. Johnson, nor defendant Denson was present at the trial.

Execution on the foregoing judgment was not issued until 4 August 1962. It was not until defendant Denson was served with the execution that he had any knowledge that a judgment had been taken against him. Within six days thereafter, defendant Denson moved to set aside the judgment on the grounds of surprise and excusable neglect. The motion to set aside the previous judgment was heard on 24 October 1962, resulting in an order setting aside the judgment. Appropriate findings of fact were made with one exception: the court failed to find facts with respect to whether or not defendant Denson had been diligent in protecting his own interest in the litigation. From the signing

of the order setting the judgment aside, the plaintiff appealed to this Court and, in *Gaster v. Goodwin,* 259 N.C. 676, 131 S.E. 2d 363, the order was set aside to the end that there might be appropriate findings with respect to the matters referred to above.

The matter was again heard in the court below on 24 April 1964 and the court again set aside the judgment entered in October 1958.

The plaintiff appeals, assigning error.

*Manning, Fulton & Skinner for plaintiff appellant.*

*Dupree, Weaver, Horton & Cockman; Jerry S. Alvis for defendant Denson.*

DENNY, C.J. In remanding this case at the Spring Term 1963 for further hearing, this Court, speaking through Moore, J., said: "It appears to us that the crucial point in this case has not been considered. If Denson over the ten year period was in contact with his attorney at reasonable intervals, observed and learned nothing which would put him on notice that the attorney was incapacitated to present his defense, and was assured that his case would be attended to and he would be notified when needed, the court may find that Denson was not in default. On the other hand, if Denson knew that his attorney was not capable of handling his business, or by inaction and inattention neglected to discover the incapacity of his attorney which had existed over a long period of time, he may not claim the benefit of the statute unless there are other considerations, not appearing on the present record, which might excuse him. There is also the question whether, if Johnson was incapacitated, this fact was known to plaintiff or his attorneys and they failed to so inform the court."

The decisions on the subject now before us, as we have heretofore pointed out, are not entirely satisfactory with respect to their consistency. In fact, many of them are irreconcilable. *Brown v. Hale,* 259 N.C. 480, 130 S.E. 2d 868. Even so, the general rule seems to be that when a defendant employs reputable counsel and gives him the facts constituting his defense, and the lawyer has prepared and filed an answer, if a judgment is obtained due to the negligent failure of the attorney to appear and defend the cause when called for trial, the client may have the judgment set aside for surprise and excusable neglect. *Gaster v. Goodwin,* 259 N.C. 676, 131 S.E. 2d 363.

The court below, in pertinent part, found the following facts:

(1) That defendant Denson did in apt time employ a duly licensed and qualified attorney to represent his interest; that he communicated to his attorney all those matters and things relevant to his defense in

this action; that he relied in good faith upon his attorney's representation that he would attend to his defense and notify him whenever necessary of all proceedings.

(2) That his attorney did file answer to the complaint in apt time and that the answer of record sets out a good and meritorious defense based upon contributory negligence and lack of responsibility under the doctrine of *respondeat superior.*

(3) That this case was continued from term to term and did not come on for trial for almost eleven years.

(4) That defendant Denson had no notice of the trial and hence was given no opportunity to present his good and meritorious defense; that in his absence and without his knowledge, he having received no court calendar, correspondence or call from his attorney of record, or any other person, court or attorney, of the pendency of the trial, a judgment was entered against him.

(5) That defendant Denson was in contact with his attorney on many occasions and at frequent intervals during the ten-year period beginning with the employment of his attorney and ending with the filing of judgment against him.

(6) That no evidence has been presented to this court which would indicate that defendant Denson was or should have been put on notice that his attorney was incapacitated to present his defense.

Upon the foregoing findings of fact, the court below ordered, adjudged and decreed that the judgment entered 10 October 1958, in the Superior Court of Wake County, be set aside and this cause reinstated on the trial docket.

The findings of fact by the judge below, in our opinion, were supported by competent evidence and must, therefore, be upheld. *Hertford Livestock & Supply Co. v. Roberson,* 245 N.C. 588, 96 S.E. 2d 734; *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507.

Notwithstanding the findings of fact by the court below, the plaintiff contends the judgment entered on 10 October 1958 cannot be set aside because the motion to set aside such judgment was not made within twelve months of its entry, but, instead, was made on 10 August 1962, about three years and ten months after its entry.

The plaintiff contends that where a person is personally served with summons and judgment is taken, the motion to set aside the judgment must be made within one year after the rendition of the judgment, citing *McDaniel v. Watkins,* 76 N.C. 399; *McLean v. McLean,* 84 N.C. 366; *Roberts v. Allman,* 106 N.C. 391, 11 S.E. 424; *Lee v. McCracken,*

170 N.C. 575, 87 S.E. 497; *Jernigan v. Jernigan,* 178 N.C. 84, 100 S.E. 184, and similar cases.

In each of the foregoing cases the respective defendants were personally served with process and failed to answer or take any effective steps to protect their interest. We think there is a valid distinction between this class of defendants and the defendant in the instant action, where he employed counsel, gave him the facts necessary upon which to file an answer and set up a meritorious defense, kept in touch with counsel, and was assured he would be notified when the case was set for trial. In view of these facts, we hold that defendant Denson's motion to set aside the judgment entered on 10 October 1958, in the Superior Court of Wake County, was in apt time when made within twelve months from the date of actual notice of the entry of the judgment. G.S. 1-220; *Industrial Loan & Thrift Corp. v. Swanson,* 223 Minn. 346, 26 N.W. 2d 625; *Kaplan v. Radford,* Sup. Ct., 161 N.Y.S. 374.

The judgment of the court below is
Affirmed.